UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALICIA PASCALE,

                        Plaintiff,              Case No. 19-cv-4316

        - against -

CADDIS FUNDING, LLC, INVESTINET, LLC,
MERRIMAN INVESTMENTS, LLC and LAW        **COMPLAINT**
OFFICES OF STEVEN COHEN LLC,

                      Defendants.
---------------------------------------------------------X

## INTRODUCTION

      1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendants Caddis Funding, LLC ("Caddis"), InvestiNet, LLC ("InvestiNet"), Merriman Investments, LLC ("Merriman") and Law Offices of Steven Cohen LLC ("Steven Cohen").  Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information.  15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

## JURISDICTION AND VENUE

      2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

1

3.   Venue and personal jurisdiction over defendants in this District is proper because defendants' collection activities impacted plaintiff here and because defendants transact business in this District.

## PARTIES

4.   Plaintiff, Alicia Pascale, is an individual resident of the State of New York, residing in the County of Westchester.  Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendants sought to collect from Plaintiff is a consumer debt.

5.   Defendants, Caddis Funding, LLC, is a South Carolina Foreign Limited Liability Company doing business in New York with an address at 511 Rhett Street, Greenville, SC 29601.   Defendant is regularly engaged in the collection of debts allegedly owed by consumers.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

6.  Caddis purchases portfolios of consumer debts and utilizes collection efforts to recover the debts.

7.  Defendant, InvestiNet, LLC, is a South Carolina Foreign Limited Liability Company doing business in New York.  Defendant is regularly engaged in the collection of debts allegedly owed by consumers.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

8.  InvestiNet manages debt portfolios for debt buyers including Caddis and performs debt collection on their behalf.

9. Defendant, Law Offices of Steven Cohen LLC, is a New York Domestic Professional Service Limited Liability Company with offices located at 540 E. 180th Street, Suite 203, Bronx, NY 10457. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

10. Defendant, Merriman Investments, LLC, is a Delaware Foreign Limited Liability Company doing business in New York with a principal place of business located at 322 Delancey Street, Philadelphia, PA 19106. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

11. At some point prior to 2008, Plaintiff incurred a consumer debt (the "Debt") with Fleet Bank.

12. Upon information and belief, the Debt was sold by Fleet to CACH, LLC ("CACH"). CACH commenced a collection lawsuit against the Plaintiff and obtained a judgment in the amount of $8,206.53 on or about April 22, 2008.

13. On June 18, 2009, Plaintiff filed a Chapter 7 Bankruptcy with the U.S. Bankruptcy Court for the Southern District of New York, Case No. 09-23050. Schedule "F" of the bankruptcy petition listed Fleet Bank as a creditor (regarding account number ending in 8277), CACH as a debt collector, and Daniels & Norelli, PC, as counsel to CACH[1]. On June 21, 2009, the Clerk of the Bankruptcy Court mailed a "Notice of Chapter 7 Bankruptcy Case" (the

---

[1] Upon information and belief, on or about 2004 Fleet Bank merged with Bank of America. Plaintiff's Bankruptcy petition also listed Bank of America as a creditor with respect to the same Fleet Bank account.

3

"Bankruptcy Notice") to all creditors listed in Schedule "F." Amongst the creditors who received notice of the bankruptcy filing were Fleet Bank, CACH and Daniels & Norelli, PC. Relevant portion of Schedule "F" and the Bankruptcy Notice and Certificate of Service are annexed hereto as **Exhibit A**.

14. On October 29, 2009, Plaintiff received her Bankruptcy Discharge and all dischargeable debts, including the debt owed to CACH, were wiped out. A copy of the Discharge Notice was mailed to all creditors including Fleet Bank, CACH and Daniels & Norelli, PC. Copy of the Discharge Notice and Certificate of Service are annexed hereto as **Exhibit B**. The Bankruptcy Discharge states that "[t]he discharge prohibits any attempt to collect from the debtor a debt that has been discharged." The debt allegedly owed to Fleet Bank and collected by CACH has been discharged and cannot be collected

15. Unbeknownst to Plaintiff, CACH continued to attempt to collect the discharged debt even after receiving proof of the bankruptcy filing and the Discharge Notice.

16. Upon information and belief, the debt was assigned/sold by CACH to Merriman Investments, LLC ("Merriman").

17. On or about March 12, 2019, Plaintiff was mailed a letter from Merriman advising her that the debt is assigned from Merriman to Caddis Investments, LLC c/o InvestiNet, LLC (the "Merriman Letter"). It should be noted that an entity by the name of Caddis Investments, LLC does not exist. Copy of the Merriman letter is attached as **Exhibit C**. Plaintiff received it in the ordinary course of mail.

18. The Merriman Letter sought to collect a debt incurred for personal, family or household use and not for business purposes.

19. On March 25, 2019, Plaintiff was mailed a letter from Steven Cohen, as counsel and debt collector for Caddis (the "Cohen Letter").  Copy of the Cohen Letter is attached as **Exhibit D**.  Plaintiff received it in the ordinary course of mail.

20. The Cohen Letter is, on information and belief, a form letter.

21. The Cohen Letter sought to collect the original Fleet Bank debt which was assigned to CACH and further assigned to Merriman, and further assigned to Caddis.

22. It is undisputed that Fleet Bank and CACH and its counsel received notice of the bankruptcy filing.

23. Upon information and belief, CACH told Merriman that the debt was discharged in bankruptcy.  In the alternative, Merriman should have taken steps to determine if the debt was discharged in bankruptcy.

24. Upon information and belief, Merriman told Caddis and/or InvestiNet  that the debt was discharged in bankruptcy.  In the alternative, Caddis should have taken steps to determine if the debt was discharged in bankruptcy.

25. Upon information and belief, Merriman and/or Caddis and/or InvestiNet told Steven Cohen that the debt was discharged in bankruptcy.  In the alternative, Steven Cohen should have taken steps to determine if the debt was discharged in bankruptcy.

26. Debts that are discharged in bankruptcy do not have to be paid.  All the named defendants had the obligation to communicate to each assignee or debt collector that the debt was "discharged in bankruptcy."

27. Caddis knew or should have known that the debt that it was collecting was discharged in bankruptcy and that the Plaintiff no longer had a legal obligation to pay this debt.

28. InvestiNet knew or should have known that the debt that it was collecting was discharged in bankruptcy and that the Plaintiff no longer had a legal obligation to pay this debt.

29. Merriman knew or should have known that the debt that it was collecting was discharged in bankruptcy and that the Plaintiff no longer had a legal obligation to pay this debt.

30. Steven Cohen knew or should have known that the debt that it was collecting was discharged in bankruptcy and that the Plaintiff no longer had a legal obligation to pay this debt.

31. The Defendants acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

32. The Defendants knew or should have known that its actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. The Defendants knew or should have known that the legal status of the debt owed to CACH is "discharged in bankruptcy" and cannot be collected.

34. At all times pertinent hereto, Defendants used false representation and deceptive means to collect or attempt to collect a debt.

35. As a result of defendants' abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

36. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint as though set forth at length herein.

23. Communications attempting to collect debts discharged in bankruptcy such as those sent by defendants are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

24. Section 1692e states that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:

(2) The false representation of—
(A) the character, amount, or legal status of any debt;

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. Defendants' debt collection attempts violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10) by failing to cease collection of a debt whose legal status is "discharged in bankruptcy," by communicating information which defendants knows or should know is false, and by using false representation or deceptive means to collect or attempt to collect a debt from a consumer.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a)   Statutory damages;

b)   Attorney's fees, litigation expenses and costs of suit;

c)   That Defendants correct the false information on the credit reports;

d)   Declaratory relief finding that defendants violates the FDCPA; and

e)    For such other and further relief which this court deems just and proper.

Dated:  Brooklyn, New York
        May 9, 2016

                                    SHAKED LAW GROUP, P.C.
                                    Attorneys for Plaintiff

                              By: */s/Dan Shaked*_____
                                    Dan Shaked (DS-3331)
                                    44 Court St., Suite 1217
                                    Brooklyn, NY 11201
                                    Tel. (917) 373-9128
                                    Fax (718) 504-7555
                                    e-mail: ShakedLawGroup@gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

*/s/Dan Shaked*_____
Dan Shaked (DS-3331)